214.991.2642
NHPARKS@GMAIL.COM

THE PARKS LAW FIRM, P.C.

PO BOX 200
SHANNON, AL 35142

FILED
2026 Apr-28 PM 08:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**SENT VIA USPS CERTIFIED MAIL (9589071052700467543062)**
**AND VIA FAX TO 205-930-3595**

December 11, 2025

Jefferson County Commission
Jefferson County Attorney
716 Richard Arrington, Jr. Blvd. N.
Room 280
Birmingham, AL 35203

RE:    Death of John Christopher Jacks

To Whom It May Concern:

In accordance with Ala. Code § 6-5-20, this letter shall serve to notify you of a claim related to the above-referenced matter. This law office represents the Estate of Mr. John Christopher Jacks and its Administrator.

It is our understanding that Mr. Jacks died while in custody of the Jefferson County Sheriff's Office. According to the report of the Jefferson County Medical Examiner (case # 2023-5261; enclosed), Mr. Jacks was found unresponsive in his jail cell at approximately 6:35PM on October 25, 2023; he was treated by jail nurses and returned to his cell. His condition worsened and he was transported to UAB Hospital at 3:14AM on October 26, 2023. He succumbed to his injuries and was pronounced dead on November 2, 2023, just after midnight. The ME's report concluded that Mr. Jacks died as a result of blunt force injuries to his head, specifically to his left frontal, right temporal and left cerebellum, including multiple skull fractures and hemorrhages.

Mr. Jacks' sister, Dana Jacks, was appointed Administrator of his estate on April 10, 2025, a copy of which is enclosed. Upon information and belief, Jefferson County Sheriff's Office failed to adequately protect and/or treat Mr. Jacks while in custody, resulting in his death. In anticipation of litigation relating to these claims, this letter shall serve as notice of the requirement that Jefferson County retain and preserve all records, photographs, reports, recordings, communications, notes, investigations, electronic or not, and any and all other types of documents or records relating to Mr. Jacks' incarceration, healthcare and death.

Further, this letter specifically requests that Jefferson County provide this office with copies of any and all reports and/or investigations conducted as a result of Mr. Jacks' death. This office hereby requests a copy of any and all reports which were the subject of

214.991.2642
NHPARKS@GMAIL.COM

THE PARKS LAW FIRM, P.C.

PO BOX 200
SHANNON, AL 35142

Jefferson County Sheriff's Office case # 2023-00080283, as well as the incident report dated October 25, 2023 with New World report number 2023-00003592 – the ME report indicates that this report was sent to the ME by Sargent Karl Walker and scanned to filemaker by the ME.

Please mail copies of the above-referenced records to: The Parks Law Firm, P.C., PO Box 200, Shannon, AL 35142.

Should the County Commission wish to discuss resolution of this claim within the 90 days proscribed by § 6-5-20, you may contact me via telephone or email.

Please feel free to call should you have any questions regarding the above-referenced claims.

Sincerely,

Nicholas Parks, Esq.
The Parks Law Firm, P.C.
AL Bar No. 7306M46B
Texas Bar No. 24058032
nhparks@gmail.com

214.991.2642
NHPARKS@GMAIL.COM

THE PARKS LAW FIRM, P.C.

PO BOX 200
SHANNON, AL 35142

**SENT VIA USPS CERTIFIED MAIL (958907105270241264S563)**
**AND VIA FAX TO (205) 325-5840**

March 10, 2026

Jefferson County Commission
Jefferson County Attorney
716 Richard Arrington, Jr. Blvd. N.
Room 280
Birmingham, AL 35203

RE:    Death of John Christopher Jacks

To Whom It May Concern:

This law office represents the Estate of Mr. John Christopher Jacks. This office previously notified Jefferson County Commission on December 11, 2025 of a claim relating to Mr. Jacks' death while in custody of the Jefferson County Sheriff's Office.

In our prior notification, we requested that the County provide this office with copies of any and all reports and/or investigations conducted as a result of Mr. Jacks' death, including but not limited to New World report number 2023-00003592. As of this writing, the County has failed to provide anything.

We also requested that the County preserve all records, photographs, reports, recordings, communications, notes, investigations and any and all other documents or records relating to Mr. Jacks' incarceration, healthcare and death in anticipation of the Estate's claim and potential litigation.

Due to Jefferson County's refusal to provide any records, we do not know who is responsible for Mr. Jacks' death. However, it is clear from his medical records that he suffered a similar attack just prior to the attack on October 25, 2023 that resulted in his death. Despite knowledge of this prior attack and notice of the substantial risk to Mr. Jack's life, Jefferson County Sheriff's Office was deliberately indifferent. In so failing to protect him from additional harm, Jefferson County Sheriff's Office violated Mr. Jacks' 8th Amendment rights. Further, it has become clear that Jefferson County Sheriff's Office failed to investigate and/or prosecute anyone for the attack that resulted in Mr. Jacks' death.

214.991.2642          THE PARKS LAW FIRM, P.C.                    PO BOX 200
NHPARKS@GMAIL.COM                                        SHANNON, AL 35142

Finally, in violation of his 14th Amendment rights, jail personnel were deliberately indifferent when they waited almost nine hours to transport him to UAB Hospital, depriving him of desperately needed medical care.

Mr. Jacks' sister, Dana Jacks, was appointed as Administrator of his Estate on April 10, 2025. Pursuant to Code of Ala. § 11-12-8, the Estate presents this demand within twelve months of that appointment. Pursuant to Code of Ala. § 6-5-20, the Estate of Mr. Jacks demands compensation in the amount of $6.5 million as resolution of this claim. Jefferson County has ninety days from receipt of this demand to either approve or reduce this demand. After the expiration of ninety days, this demand shall be deemed disallowed and the Estate shall commence its lawsuit.

Should the County choose to respond to this demand in the allotted time frame, please do so in writing. This letter constitutes a notice of claim and monetary demand presented under Code of Ala. § 6-5-20 and an attempt of resolution prior to litigation. Nothing contained herein shall be deemed to limit my clients' rights at law or equity.

Sincerely,

Nicholas Parks, Esq.
The Parks Law Firm, P.C.
AL Bar No. 7306M46B
Texas Bar No. 24058032
nhparks@gmail.com

## LETTERS OF ADMINISTRATION

**IN THE MATTER OF THE ESTATE OF:**

**IN THE PROBATE COURT OF
JEFFERSON COUNTY, ALABAMA**

<u>**JOHN CHRISTOPHER JACKS**</u>
**Deceased**

**CASE NO.** _  25BHM00714  _

### *LETTERS OF ADMINISTRATION*

Letter of Administration on the above-named deceased are hereby granted to <u>**DANA JACKS**</u> who has duly qualified and given bond in the amount $<u>**20,000.00**</u> as such Personal Representative and is authorized to administer such estate. Subject to the priorities stated in §43-8-76, Code of Alabama (1975, as amended), the said Personal Representative, acting prudently for the benefit of interested persons, has all the powers authorized in transactions under §43-2-843, Code of Alabama (1975, as amended).

**WITNESS** my hand this date, the 10th  day of April 2025.

**YASHIBA GLENN BLANCHARD**
Judge of Probate

I, Yashiba Glenn Blanchard, Judge of Probate Court of Jefferson County, Alabama, hereby certify that the foregoing is a true, correct and full copy of the **Letters of Administration** issued in the above-styled cause as appears of record in said Court. I further certify that said Letters are still in full force and effect.

**WITNESS** my hand and seal of said Court this date, April 10, 2025.

Judge of Probate